IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KELVIN SELLERS,              )
                             )
        Petitioner,          )
                             )
    v.                       )         1:14CV988
                             )
FRANK PERRY,                 )
                             )
        Respondent.          )

## MEMORANDUM ORDER

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2.) Respondent filed an answer (Doc. 5), a motion for summary judgment (Doc. 6), and a supporting brief (Doc. 7). Petitioner filed a response (Doc. 9), and Respondent filed a reply (Doc. 10). Respondent also moved to expand the record to include Petitioner's trial transcript (Doc. 11) and moved to amend its summary judgment brief (Doc. 13). The court granted both motions. (Doc. 18.) Petitioner next filed two supplements and a response (Docs. 15, 16, and 20), and Respondent filed an additional response (Doc. 17).

The Magistrate Judge entered a Recommendation that this action be stayed while Petitioner returned to State court to exhaust one of his claims — that he was denied his right to appeal. (Doc. 21.) Petitioner did not object to this Recommendation.

(Doc. 21.) Respondent, however, filed a notice that on April 7, 2015, the North Carolina Court of Appeals granted Petitioner's certiorari petition and is now permitting him to pursue a direct appeal. (Doc. 23.) In light of this notice, the Magistrate Judge rescinded his Recommendation. (Doc. 21.)

Respondent contends that because the North Carolina Court of Appeals granted Petitioner direct review, Petitioner's habeas action should be summarily dismissed on grounds of non-exhaustion. (Doc. 23 at 1.) Petitioner has filed a request that the court "hold" his petition "until the state court makes a decision." (Doc. 24.) The matter is now ready for resolution.

I.   BACKGROUND

Petitioner was tried and convicted in Superior Court, Randolph County, for financial card theft and misdemeanor possession of stolen property. (Doc. 2 ¶¶ 1-8; Doc. 7-7.) He also pleaded guilty to habitual felon status. (Doc. 7-6.) He was sentenced to 76 to 101 months of imprisonment, judgment was entered on April 2, 2013, and he did not appeal. (Docs. 7-7, 7-13.)[1]

Petitioner instead filed three one-page pro se motions for

---

[1] Petitioner checked the box for "Yes" as to whether he appealed his convictions. (See Doc. 2 ¶ 8). However, his ensuing explanation — and the record — make it clear that he did not file a direct appeal but instead pursued collateral relief. (See id. ¶ 9.)

2

appropriate relief ("MAR") in Superior Court, Randolph County, on April 18, 24, and 26, 2013. (Doc. 7-9.) These petitions were summarily denied on April 28-29, 2013. (Docs. 7-10, 7-11.) On July 1, Petitioner filed another MAR in Superior Court, Randolph County. (Doc. 7-12.) On July 12, 2013, a corrected judgment and commitment was entered. (Doc. 7-13.) It appears that on July 17, 2013, Petitioner's July 1, 2013 MAR was also summarily denied.[2] (Doc. 7-14.)

On July 31, 2013, Petitioner filed a pro se letter in Superior Court, Randolph County, requesting appointment of counsel to file an appeal. (Doc. 7-15.) The Superior Court requested that the clerk obtain a transcription of the end of Petitioner's trial, where the trial court was said to have denied Petitioner's request for the appointment of appellate counsel. (Id.) That same day, the clerk's office requested that portion of the trial transcript. (Doc. 7-16.)

On August 16, 2013, Petitioner sent another pro se letter to the Superior Court, Randolph County, inquiring about the appointment of appellate counsel. (Doc. 7-17.) On August 16, 2013, the Superior Court sent Petitioner a letter with one page of

---

[2] It is not clear from the MAR order if the State court is addressing Petitioner's July 1, 2013 MAR. Regardless, the analysis set forth herein does not turn on the answer to this question.

his trial transcript. (Doc. 7-18.) It stated that, "Based on your statement you were retained [sic] Appellate Counsel the Judge did not allow you to give notice of appeal. Your time to appeal has now expired and I am unable to appoint you an attorney without a pending appeal. I suggest you contact North Carolina Prisoner Legal Services."[3] (Id. at 2.)

On September 22, 2013, Petitioner filed a pro se two-page MAR in Superior Court, Randolph County (Doc. 7-19), which was summarily denied the same day (Doc. 7-20). On January 23, 2014, Petitioner,

---

[3] In pertinent part, the transcript provides:

> THE DEFENDANT: Your honor?
> THE COURT: Yes?
> THE DEFENDANT: How do I file an appeal in this case?
> THE COURT: You would have to enter notice of appeal but it has to be written notice. You could ask for an Appellate Defender. Were you appointed or retained Mr. Biggs?
> MR. BIGGS: Appointed.
> THE COURT: You can ask for the Appellate Defender to be appointed.
> THE DEFENDANT: I would like to appeal.
> THE COURT: If that's what you are asking, appointment the Appellate Defender's office to represent him. He is already deemed to be indigent.
> THE DEFENDANT: I think my family's going to hire an attorney.
> THE COURT: All right. Well, okay. They are going to hire an attorney. That attorney will have to enter the notice of appeal. He is in your custody, Sheriff. All right we are adjourned for the day.

(Doc. 7-18 at 3.)

4

represented by counsel, filed a petition for writ of mandamus in the North Carolina Court of Appeals, requesting an order that the trial court make appellate entries in his case. (Doc. 10-2.) The petition for writ of mandamus was denied by the North Carolina Court of Appeals on February 5, 2014. (Doc. 10-4.)

On October 31, 2014, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, seeking review of the order denying the April 2013 MARs. (Doc. 7-21.) On November 10, 2014, certiorari was denied. (Doc. 7-23.) That same day, Petitioner filed another pro se certiorari petition with the North Carolina Court of Appeals (Doc. 7-24), which was denied on November 17, 2014 (Doc. 7-26).

Petitioner signed his present habeas petition on November 21, 2014, and filed it in this court on November 24, 2014. (Doc. 2.) In his supplement filed March 26, 2015, he submitted a copy of an order from the Superior Court, Randolph County, summarily denying a February 25, 2015 motion to reinstate appeal. (Doc. 16 at 3.) In that order, the trial court also referred the matter to Prisoner Legal Services to consider the filing of a petition for writ of certiorari with the North Carolina Court of Appeals. (Id.)

As noted above, on April 7, 2015, the North Carolina Court of Appeals granted Petitioner's certiorari petition and permitted him to pursue a direct appeal. (Doc. 23.)

## II. ANALYSIS

Petitioner raises five claims in his § 2254 petition: (1) he received "poor legal representation;" (2) there is no evidence that he used a financial card and no receipt of purchase for him doing so, just a picture of him in the store; (3) the detective's trial testimony that the financial card was used at a Food Lion store was not supported by any witness or tape recording placing him there; (4) Petitioner's witness was never subpoenaed for trial; and (5) he has a constitutional right to appeal, but "the lower court said no." (Doc. 2 at 3-7, 11-12.)

In light of the fact that the North Carolina Court of Appeals has permitted Petitioner to pursue a direct appeal (Doc. 23-1), Petitioner's second and third claims, which appear to relate to the sufficiency of the evidence supporting his conviction (see Doc. 2 at 4-6), are now unexhausted. In addition, because Petitioner failed to raise his fifth claim in a MAR (see Doc. 21 at 5; Docs. 7-9, 7-12, and 7-13), it remains unexhausted. See, e.g., Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *11 (W.D.N.C. Dec. 28, 2010) ("In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and

6

petitioning the North Carolina Court of Appeals for a writ of certiorari." (citing N.C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422)). Unless a North Carolina state court takes action to consider Petitioner's first and fourth claims, which appear to be for ineffective assistance of counsel (see Doc. 2 at 3, 6), those claims appear to be exhausted.

Prior to 2005, district courts were required to dismiss mixed petitions without prejudice to a petitioner's right to re-file them after exhausting all clams. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, the Supreme Court clarified that requirement in Rhines v. Weber, 544 U.S. 269 (2005). Specifically, Rhines explained that because of the complexities added by the one-year limitations period imposed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Lundy's dismissal requirement put petitioners with mixed petitions in peril of losing their opportunity for federal review if, after fully exhausting their claims, the petitioners returned to federal court beyond the limitations period. Id. at 275. Accordingly Rhines permits district courts to stay a petition and hold the unexhausted claim(s) in abeyance until they are exhausted in State court if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

7

indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Here, even in light of Rhines, the proper course of action is to dismiss the petition without prejudice. First, Petitioner has not provided good cause as to why he failed to raise his constitutional denial of appeal claim in a MAR. (See Doc. 21 at 5; Docs. 7-9, 7-12, and 7-13.) Second, the federal habeas deadline begins to run, at the earliest, when a defendant's direct appeal is final. 28 U.S.C. § 2244(d)(1)(A)-(D). Consequently, the dismissal of the instant petition without prejudice would not harm Petitioner because the one-year federal habeas deadline would, at the earliest, begin anew at the conclusion of direct review or the expiration of the time for seeking such review. See Frasch v. Peguese, 414 F.3d 518, 520–25 (4th Cir. 2005) (habeas petition is timely if filed within one year of completion of belated direct review process awarded to defendant in State post-conviction proceedings). Further, if Petitioner were to pursue a State collateral challenge after direct review, such as ineffective assistance of counsel, then AEDPA's one-year statute of limitations would be tolled until the date on which State collateral review ended. Id. at 521-22 (citing 28 U.S.C. § 2244(d)(2)). However, Petitioner is cautioned to act

expeditiously to refile his habeas petition once his claims are exhausted in North Carolina's State courts.

As noted, Petitioner has filed a request that the court "hold" his Petition "until the state court makes a decision." (Doc. 24.) But this is a request to stay rather than to dismiss. For the reasons noted, dismissal without prejudice, rather than a stay, is the appropriate remedy now.

### III. CONCLUSION

For the reasons set forth above, therefore,

IT IS ORDERED that Respondent's Amended Motion for Summary Judgment (Doc. 6) be GRANTED to the extent it contends that Petitioner's fifth claim is not exhausted and DENIED without prejudice as to the merits of Petitioner's claims, that the petition (Doc. 2) be DISMISSED WITHOUT PREJUDICE to its being refiled once Petitioner has exhausted his claims in State court, and that Petitioner's request to stay (Doc. 24) be DENIED.

A Judgment in conformance with this Memorandum Order will be entered separately. Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

/s/   Thomas D. Schroeder<br>United States District Judge

September 30, 2015